# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **HOWARD JAMES REDMOND BEY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-933-SDJ-KPJ |
| **JAY BRAY,** *doing business as* **MR. COOPER et al.,**[1] | § § § § | |
| Defendant. | § § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar" or "Mr. Cooper") Motion to Dismiss (Dkt. 6), and Plaintiff Howard James Redmond Bey's ("Plaintiff") "Demand for Declaratory Judgment" (the "Motion for Declaratory Judgment") (Dkt. 8) and "Removal of Magistrate Johnson" (the "Motion for Recusal") (Dkt. 11). For the

---

[1] Plaintiff originally styled this action as against "Jay Bray doing business as Mr. Cooper, et al or holder of the seat, hereinafter fiduciary, known as Defendant(s)." Dkt. 1 at 2. Nationstar Mortgage LLC d/b/a Mr. Cooper filed the Motion (Dkt. 6) arguing Plaintiff's allegations relate to Mr. Cooper and not Jay Bray. Dkt. 6 at 1 n.1. Thus the Court has acquired jurisdiction over Mr. Cooper as the misnamed party as "it is clear that no one is prejudiced by the error." *Id.* (citing *Reddy P'ship /5900 North Freeway LP v. Harris Cnty. Appraisal*, 370 S.W.3d 373, 376-77 (Tex. 2012)). Plaintiff's complaint alleges a loan was not closed upon receipt of the "International Bill of Exchange," which allegedly relates to Mr. Cooper's administration of the loan. Plaintiff does not respond to Mr. Cooper's assertion that it is the proper party, but rather asserts "[t]he defense attorney is a third-party interloper, who has no firsthand knowledge of documents received." Dkt. 8 at 8. Plaintiff's argument is related to Mr. Cooper obtaining counsel and not as to Mr. Cooper being an improper party to this case. Furthermore, Plaintiff has clarified in the amended complaint (Dkt. 14) that he is bringing this lawsuit solely against Mr. Cooper. *See id.* at 1, 7.

"With a misnomer, the correct party, although misnamed, is served with notice of the suit . . . This is in contrast to a misidentification, which 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.'" *De Jongh v. State Farm Lloyds*, 555 F. App'x. 435, 438 n.4 (5th Cir. 2014) (citations omitted). Regardless of whether Mr. Cooper has been misnamed or there has been misnomer, the Court has an independent requirement to consider its own subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

reasons that follow, the Court recommends the Motion to Dismiss (Dkt. 6) be **GRANTED** to the extent Mr. Cooper asserts the Court lacks subject-matter jurisdiction. The Court further recommends the Motion for Declaratory Judgment (Dkt. 8), the Motion for Recusal (Dkt. 11), and all other requested relief be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

## I.  BACKGROUND

On November 2, 2022, Plaintiff, proceeding *pro se*, filed this lawsuit requesting release from a loan on the property at 1032 Marion Avenue, Fort Worth, TX 76104 (the "Property"). *See* Dkt. 1 at 7. Plaintiff currently resides at 1440 Bobing Dr., Lewisville, Texas 750967. *Id.* at 1. On the same day, the case was assigned to U.S. District Judge Sean D. Jordan and referred to the undersigned. *See* Dkt. 2. Plaintiff alleges that as of June 6, 2021, the loan's principal balance was $36,561.55, with a total payoff amount of $41,274.27, including interest and fees. *See* Dkt. 1-1 at 10. Plaintiff alleges that on June 9, 2021, he sent Mr. Cooper an "Affidavit of Fact Letter of Acceptance for Value and Returned for Discharge," asserting that the loan was settled by the attached "International Bill of Exchange," *id.* at 12, and that if Mr. Cooper did not respond in three business days, Plaintiff would treat Mr. Cooper's silence as acceptance of such settlement, *see* Dkt. 1-1 at 4–5. Mr. Cooper allegedly did not respond within Plaintiff's requested time period. *See id.* at 22.

Plaintiff alleges that Mr. Cooper responded on July 30, 2021, stating that Plaintiff's correspondence "is not a valid request under Real Estate Settlement Procedures Act (RESPA) 12 CFR § 1024.35 and § 1024.36, or the Fair Debt Collection Practices Act (FDCPA) 15 U.S. Code § 1692g." Dkt. 1-1 at 22. Further, Plaintiff alleges that Mr. Cooper informed him that Mr. Cooper is the holder of the note. *See id.* Plaintiff alleges that, beginning September 2, 2021, Plaintiff

published a notice in the Tarrant County Commercial Record that Mr. Cooper's silence was acceptance and that after four weeks of this notice, Mr. Cooper was "estopped from any remedy in law or equity should they fail to rebut the facts of this public notice under penalties of perjury." *Id.* at 11, 78. Plaintiff includes the following in support of the complaint: copies of the "International Bill of Exchange", Dkt 1-1 at 12, various IRS forms, *see id.* at 13–21, and a Uniform Commercial Code ("UCC") financing statement, *see id.* 8–9. Plaintiff also includes mailing receipts reflecting the complaint (Dkt. 1) and its attachments have been sent to the Secretary of the United Nations, the President of the United States, the Attorney General of Texas, the Governor of Texas, the Texas Secretary of State, the Tarrant County Tax Assessors' Office, and the Tarrant County Sherriff. Dkt. 1-1 at 69–70.

> Plaintiff asserts the following:
>
> I am, Howard James Redmond Bey©™, Free Moor American, Free White Person, Natural Free-Holder, Natural Person, In Full Life, Autochthonous, Indigence, Native American, Muur/Moor; In Propria Persona, Sui Juris, and Sui Hoeredes, In Solo Proprio, Natural Being, "Jus solis', and" Jus Sanguinis' of Maghreb Al' Aqca': with the political jurisdiction, Moor(ish) American National; on my Ancestral or circumstance, by threat, duress, or coercion, waive my rights Unalienable, Inalienable, and Substantive or Secure by the Constitution or Treaty(ies) thereof; i.e., the Supreme Law of the Land.

*Id.* at 3. Plaintiff asserts that the complaint (Dkt. 1) is "executed without the United States of America." *Id.* Plaintiff "demand[s] a Declaratory Judgement against defendant(s) for damages for payment(s) made under threat, duress, and coercion and release of lien for [the Property]." Dkt. 1 at 7.

On November 16, 2022, upon receiving notification that Judge Jordan had assigned this case to the undersigned, Plaintiff filed a "Response" (Dkt. 5) asserting that he did "not consent to this action nor waive my rights of this matter being heard by a Federal Judge not someone appointed." *Id.* at 2.

3

On November 28, 2022, Mr. Cooper filed the Motion to Dismiss (Dkt. 6), wherein Mr. Cooper argues Plaintiff's allegations reveal that he is espousing sovereign citizen theories, which the courts have never recognized as valid and, therefore, this case should be dismissed. *See id.* at 1–2. Mr. Cooper further argues this Court has no subject-matter jurisdiction, as neither diversity jurisdiction nor federal question jurisdiction requirements are met. *See id.* at 6–10. Finally, Mr. Cooper argues Plaintiff's declaratory judgment request must be denied because Plaintiff's claim fails to assert any judiciable right. *See id.* at 10.

As Plaintiff failed to file a timely response, on December 14, 2022, the Court ordered Plaintiff file his response, if any, to the Motion to Dismiss (Dkt. 6) on or before fourteen days of receipt of the December 14, 2022 Order (Dkt. 7). *See* Dkt. 7 at 1. On December 23, 2022, Plaintiff filed the Motion for Recusal (Dkt. 11), wherein Plaintiff again asserts that he did not give consent for his case to be heard before a U.S. Magistrate Judge and is "ordering the removal of Magistrate [Judge] Kimberly C. Johnson for the second time." *Id.* at 2. Also on December 23, 2022, Plaintiff filed his response (Dkt. 12) to the Motion to Dismiss (Dkt. 6), asserting the following:

> The estate filed a response on December 19, 2022, regarding the defendant's false accusations and mailed copies via certified mail 7020 2450 0000 5327 9710 to the defendant, see attached delivery confirmation. The defendant is in default, and has ample opportunity to respond to this matter, as the Private Administration Process is complete. This matter shall not be retried. The defendant accepted the instrument provided to discharge account number 0614836237, to date this account has not been discharged.
>
> Jay Bray, CEO Doing Business AS, Mr. Cooper Or holder of the seat, Et al has voluntarily participated in fraud against plaintiff. The estate made every attempt to communicate with the defendant and resolve this wrongdoing by being in honor of the laws of the land. As the maxims of equity state "He who comes into equity must come with clean hands", I have come into this process of correction with clean hands.
>
> This court must deny the defendant[']s request to dismiss this case. In addition, this court must order the Declaratory Judgement.

Dkt. 12 at 2.

On December 20, 2022, Plaintiff filed the Motion for Declaratory Judgment (Dkt. 8). *See id.* at 1. Plaintiff asserts that as a sovereign citizen, he is exempt from the laws of the United States and Texas. *See id.* at 2; *see also* Dkt 8-4 at 7. In addition, he argues that the "International Bill of Exchange" was valid tender for the loan. *See* Dkt. 8 at 7. Plaintiff further argues that in receiving the "International Bill of Exchange" but not applying it to the loan, Mr. Cooper has effectively stolen the "International Bill of Exchange." *See id.* Plaintiff attaches a document titled "Judicial Notice and Proclamation" which asserts, *inter alia*:

> The True Al Moroccan Noble Indigenes of the Land . . . maintain a NON-OBLIGATORY respect for the Union States Rights Republic (U.S.A.), its members, its laws; its ordinances; its codes; it customs and traditions, pursuant to: The Free Moorish American Zodiac Constitution - Articles IV and VI; The Treaty of Peace and Friendship Between the United States and Morocco -Seventeen Eighty-Seven (1787) . . . .

Dkt. 8-4 at 5–6 (emphasis in original).

On July 25, 2023, without leave of Court, Plaintiff filed an amended complaint (Dkt. 14). In the amended complaint (Dkt. 14), Plaintiff clarifies he is bringing suit against Mr. Cooper and alleges:

> Mr. Cooper mortgage company has accepted instrument in full in agreement initially sent 12 June 2021, with the payoff statement provided by Mr. Cooper. Mr. Cooper has been given multiple opportunities to close Howard James Redmond Bey©™ account and release the lien held against the estate and deliver title with no encumbrance.

*Id.* at 7. Plaintiff alleges the "International Bill of Exchange sent on 12 June 2021, has been monetized" and Mr. Cooper is "earning interest . . . but has yet to credit Howard James Redmond Bey©™, Ex Relational HOWARD JAMES REDMOND JR©™ account [sic] nor released the lien to the subject property located 1032 Marion Ave Fort Worth, Texas 75104." *Id.* at 9. Plaintiff further asserts Mr. Cooper is estopped due to "Collateral Estoppel by Silence." *Id.* at 8. In support,

5

Plaintiff includes: a "Cover Letter for the Uaxashaktun Ak Pakal Muurs Nation"; "Authentication Certificate of Notary Presentment Copy"; "Certificate of Notary Presentment Copy"; "Constitutio De Uaxashaktun Ak Pakal Muurs Nation (Constitution for the Uaxashakatun Ak Pakal Muurs Nation)"; mailing receipts; "Authentication Non-Responses and Third-Party Witness"; "Treaty of Peace and Friendship 1787 and 1836, 8 Stat. 100-105 and 484-487, Treaty Series 244-1 and 244-2, 9 Bevans 1278 and 1286"; "Convention on Rights and Duties of States Treaty Inter-American of 1933, 49 Stat. 3097-3110, Treaty Series 881, 3 Bevans 145"; and "United Nations Charter of 1945, 59 Stat. 1031-1218, Treaty Series 933, 3 Bevans 1153." *See* Dkt. 14-1 at 1–106.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "'A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 118, 1187 (2d Cir. 1996)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 409 (5th Cir. 2016) (per curiam) (citing *Ramming*, 281 F.3d at 161). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behav. Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). Thus, "[w]here a court lacks the statutory power to adjudicate a case, it must dismiss for lack

of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

Similarly, Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). Pursuant to its lack of subject-matter jurisdiction, courts may therefore dismiss an action even if the defendant does not move for dismissal. *See Redmond v. Wells Fargo Bank N.A.*, No. 4:21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 5:16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017), *R. & R. adopted*, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985))). If, pursuant to Rule 12(h)(3), the court finds the plaintiff does not have standing, it must dismiss the plaintiff's claims without prejudice. *See Staten v. Harrison County*, No. 20-60329, 2021 WL 5766576, at *2 (5th Cir. Dec. 3, 2021) (per curiam) (citing *Griener v. United States*, 900 F.3d 700, 705–06 (5th Cir. 2018)).

### III.   ANALYSIS

In the Motion to Dismiss (Dkt. 6), Mr. Cooper asserts, *inter alia*, that Plaintiff's claims must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted. *See* Dkt. 6 at 6–10. Plaintiff responds that Mr. Cooper is in default and the "Private

7

Administration Process" is complete.² *See* Dkt. 12 at 2. For the following reasons, the Court finds Plaintiff's claims must be dismissed without prejudice as the Court lacks subject-matter jurisdiction.³

### A. Subject-Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokonnen*, 511 U.S. at 377 (citations omitted). Federal courts' subject-matter jurisdiction is limited to federal question and diversity jurisdiction, *see* 28 U.S.C. §§ 1331–32, and the party asserting jurisdiction "bears the burden of proof for a 12(b)(1) motion to dismiss," *Berry v. Tex. Woman's Univ.*, 528 F. Supp. 3d 579, 594 (E.D. Tex. 2021) (citing *Ramming*, 281 F.3d at

---

² Additionally, Plaintiff has "ordered" recusal twice. *See* Dkts. 5, 11. A U.S. Magistrate Judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of the statute 'is to avoid even the appearance of impropriety.'" *Hill v. Schilling*, 593 F. App'x 330, 332 (5th Cir. 2014) (per curiam) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1998))."The tenor of § 455's language is mandatory, but [the Fifth Circuit] has recognized that disqualification under this section is committed to the sound discretion of the district court." *Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 230 (5th Cir. 1998) (per curiam) (internal quotations omitted). The parties' consent is not required for the district judge to refer the matter to a U.S. Magistrate Judge. *See Smith v. American Postal Workers Union*, 306 F. App'x 178, 180 (5th Cir. 2009) (per curiam) (citing *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002)). In each of his filings, Plaintiff points to no specific facts other than his lack of consent for the undersigned to hear his case. Judge Jordan was not required to obtain the parties' consent to refer the case to the undersigned. Further, lack of consent to a U.S. Magistrate Judge hearing the case is not enough to cause an appearance of impropriety, nor is it enough to create a reasonable question regarding the undersigned's impartiality. Accordingly, the undersigned finds it is not appropriate to recuse herself from this matter and turns to whether the Court has subject matter jurisdiction.

³ Plaintiff has brought several similar cases (at least five) in this District, and U.S. Magistrate Judge Christine A. Nowak has already informed Plaintiff the reasons the Court lacks subject-matter jurisdiction over such claims. *See Bey v. DiNello*, No. 422CV00406ALMCAN, 2023 WL 2520584, at *2 (E.D. Tex. Feb. 21, 2023), *R &R adopted*, 2023 WL 2499917 (E.D. Tex. Mar. 14, 2023) (collecting cases).

161). As discussed below, the Court finds it does not have subject-matter jurisdiction and thus Plaintiff's claims must be dismissed without prejudice.[4]

1. *The Moorish Sovereign Citizen Movement*

As relevant to this case, the Court provides a brief background of the Moorish sovereign citizen movement. Plaintiff alleges he is a member of the "Moorish National Republic Federal Government" or the "Moorish Divine and National Movement of the World." Dkt. 1 at 6; *see also* Dkt. 8-4 at 4–9. The Moorish movement asserts roots in the adherents' ancestors allegedly being the Moors of Africa and the Iberian Peninsula. *See El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 540 n.1 (D.N.J. 2011). "Bey," as attached to the end of Plaintiff's name, and "El" "refer to the African tribes from which the Moors believe black people are descended." *Id.* at 540 (internal quotation and quotation marks omitted).

In recent years, the Moorish movement has become intertwined with the idea of sovereign citizenship, as adherents "describ[e] themselves as sovereign citizens by virtue of their alleged Moorish origin." *Bey v. Indiana*, 847 F.3d 559, 560 (7th Cir. 2017). As a result, some members of the Moorish movement teach that American federal and state courts have no jurisdiction over the

---

[4] To the extent Plaintiff is requesting the Court enforce a contract between Plaintiff and Mr. Cooper to prevent Mr. Cooper from collecting on the loan with Plaintiff, this claim is without merit. Plaintiff alleges he provided notice to Mr. Cooper that silence is acquiescence, that the "International Bill of Exchange" satisfied the loan, and not responding in Plaintiff's allotted time frame bound Mr. Cooper to not collect the loan. *See* Dkt. 8-1 at 8–9. "[I]t is a fundamental principle of contract law that silence does not constitute acceptance of a contract." *Redmond v. Polunsky*, No. CV 4:20-MC-00204-ALM, 2023 WL 2143600, at *6 (E.D. Tex. Feb. 21, 2023) (citing Restatement (Second) of Contracts § 69 (Am. Law. Inst. 1981)); *see also DiNello,* 2023 WL 2520584, at *8–9. Therefore, there is no contract for the Court to enforce, and Plaintiff has no claim under contract law.

Moreover, Plaintiff's own allegations reveal he has not satisfied his obligations on the loan. To the extent Plaintiff is asserting he has enforced a "Private Administrative Process" by sending the "International Bill of Exchange" to Mr. Cooper, such a theory is without merit. *See* Dkt. 8 at 8–9; *see also* Dkt. 8-1 at 6. Neither the "International Bill of Exchange" nor "Private Administrative Process" have merit or prevent Mr. Cooper from collecting on the loan. *See Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("[T]he only way to avoid foreclosure is to avoid purchasing a home subject to a mortgage, or to avoid defaulting on such a mortgage following proper notice and opportunity to cure. Magic legal words cannot dispel this harsh financial reality."); *Charles v. Castro*, No. 520CV00042RWSCMC, 2020 WL 5670110, at *(E.D. Tex. Sept. 24, 2020) ("Plaintiff's purported 'bill of exchange' is a document of his own creation and has no value, and thus cannot be used to satisfy the statutory filing fee obligation."). Thus, in the alternative, Plaintiff has failed to state a claim.

adherents of the movement. *See id.*; *see also United States v. Burton*, 856 F. App'x 173, 174 (10th Cir. 2021) ("[Plaintiff] argues that because he is 'a Free Sovereign Moor,' he is 'eternally in the Jurisdiction of [his] Ancient Moabite Forebeares' and the case against him should accordingly be dismissed."). Further, as the Third Circuit has explained:

> Evidently, [adherents of this movement] have been filing fraudulent financing statements under Article 9 of the UCC, which sets forth a process for perfecting security interests in property. . . . [Adherents of this scheme] have filed these commercial liens with state departments of revenue, departments of state, or other the state agencies responsible for receiving and recording these financial instruments. [Adherents] propound[] that a person has a split personality: a real person and a fictional person called the "strawman." . . . . [Adherents] claim that government has power only over the strawman and not over the live person, who remains free [and, thus,] individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.

*Monroe v. Beard*, 536 F.3d 198, 202–03 & nn. 3 & 4 (3d Cir. 2008) (per curiam) (cleaned up). As the Seventh Circuit has explained, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Despite federal courts' attempts to advise these litigants of their faulty sovereign citizen theories, such claims continue to be filed ad nauseum. *See El Ameen Bey*, 825 F. Supp. 2d at 545–46 (collecting cases).

    2. *Federal Question and Diversity Jurisdiction*

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case may arise under federal law where the vindication of a right under state law necessarily turns on some construction of federal law." *Roman v. Aviateca*, 120 F.3d 265, 1997 WL 420177, at *2 (5th Cir. 1997) (per curiam) (unpublished table opinion) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983)) (cleaned up). Additionally, "the complaint itself will not avail as

10

a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (citation omitted).

Furthermore, federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332. "[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted). "A person's domicile, demonstrated by residence and the intent to remain, 'serves a dual function as his state of citizenship.'" *Stewart v. Entergy Corp.*, 35 F.4th 930, 933 (5th Cir. 2022) (per curiam) (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc. (Preston II)*, 485 F.3d 793, 797–98 (5th Cir. 2007)). A corporation's citizenship is also based on its domicile, and a corporation is domiciled in the state where it was incorporated and where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

First, regarding federal question jurisdiction, so far as Plaintiff pleads that the Moroccan-American Treaty of Peace and Friendship (or any other treaty) exempts him from federal and state laws, *see* Dkt. 8-4 at 5–6, yet brings him within federal question jurisdiction, this argument is meritless. *See El Ameen Bey*, 825 F. Supp. 2d at 557–58 ("Plaintiffs shall not assert any claims based on the Barbary Treaties in general or on the Treaty with Morocco in particular, since any such claim would be facially frivolous."). It is contradictory for Plaintiff to assert that the laws of the United States are not binding and then request a federal court adjudicate the matter in Plaintiff's favor. *See El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999 at *1 (M.D.N.C. Jan. 26,

11

2009) ("[Plaintiff's] claims are the most recent incarnation of a notorious organization of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.").

Moreover, Plaintiff does not allege how the Moroccan-American Treaty of Peace, a treaty entered to protect American shipping interests from Barbary pirates, would grant him an exemption from his loan obligations. The Moroccan-American Treaty of Peace does not exempt Plaintiff from prosecution for violating laws within the United States or his contractual obligations. *See Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008) ("As its title indicates, [the treaty] provides . . . a protocol for any confrontations that might arise between the two countries while at sea, during trade or battle. It does not contain any language suggesting that the United States, or any state or territory therein, does not have jurisdiction over a person violating the law within its jurisdiction."). Furthermore, to the extent Plaintiff is asserting he is immune from federal and state laws under the Moroccan-American Treaty of Peace, such claims are meritless. *See id.* at 1135–36; *accord El Ameen Bey*, 825 F. Supp. at 545–46. Those who have such immunity are statutorily defined as members of diplomatic staffs or missions. *See Pitt-Bey*, 942 A.2d at 1135–36 (citing 22 U.S.C. § 254a (1)(A)–(C) (2004)). Plaintiff has not alleged, nor could he plausibly allege, he is entitled to such immunity.

Second, regarding diversity jurisdiction, Plaintiff alleges that he "domiciles in Texas Republic." Dkt. 1 at 10. Mr. Cooper is a limited liability company headquartered in Texas, owned by "two limited liability companies . . . that are in turn wholly owned by Nationstar Mortgage Holdings Inc., a Delaware corporation with its principal place of business in Texas." Dkt. 6 at 7 n.5. Mr. Cooper is therefore domiciled in Texas. *See Nationstar Mortg. LLC v. Baker*, No. 4:15-

12

CV-00455, 2015 WL 5908534 (E.D. Tex. Sept. 18, 2015), *R. & R. adopted*, 2015 WL 8770609 (E.D. Tex. Dec. 15, 2015) ("Because Nationstar Mortgage Holdings Inc. is a Delaware corporation with its principal place of business in Texas, it is a citizen of Delaware and Texas for diversity purposes.") (citation omitted); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) ("'[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members.'" (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008))). Plaintiff does not allege any facts to the contrary, and because both Plaintiff and Mr. Cooper are domiciled in Texas, there is no diversity of citizenship. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961))); *Tiro Sols., L.L.C. v. Beacon Hill Staffing Grp.*, L.L.C., No. 3:17-CV-0934-L, 2018 WL 1368809, at *3 (N.D. Tex. Mar. 16, 2018) ("[The plaintiff] has failed to carry its burden and set forth allegations that 'distinctly and affirmatively' state the citizenship of each party to this action, and the court, therefore is unable to ascertain whether complete diversity of citizenship exists between the parties."). Furthermore, the amount in controversy requirement is not met when taking the loan as the amount in controversy because the loan has a principal balance of $36,561.55, with a total payoff amount of $41,274.27. This is less than the required diversity amount of $75,000. Plaintiff alleges no other basis for the amount in controversy and, thus, cannot meet his burden that this Court has diversity jurisdiction over his claims.

Accordingly, since the Court lacks both federal question and diversity jurisdiction over Plaintiff's claims, the Court lacks subject-matter jurisdiction over his claims.

### B. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (per curiam) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

A district court may consider the following factors in deciding whether to grant leave to amend: undue delay; bad faith or dilatory motive on the movant's part; repeated failures to cure deficiencies by previous amendments allowed; undue prejudice to the opposing party; and futility of the amendment. *See id.* (citing *Schiller*, 342 F.3d at 566). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (citation omitted). The Court also can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021) (collecting cases). Ultimately, "'[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

The Court lacks subject-matter jurisdiction over Plaintiff's claims; and, to the extent Plaintiff continues to assert claims under sovereign citizen theories, it would be futile to grant leave to amend. *See DiNello*, 2023 WL 2520584, at *8; *accord Redmond*, 2023 WL 2143600, at *7. Additionally, Plaintiff's faulty contract theory that forms the basis of his claims is without merit as courts in the Eastern District of Texas have already found and explained to Plaintiff. *See*

*DiNello*, 2023 WL 2520584, at *8 ("Moreover, to be clear, the court has already found Plaintiff's contract theory to be without merit . . . ."); *accord Redmond*, 2023 WL 2143600, at *6. Accordingly, Plaintiff should not be given leave to amend because the Court lacks subject-matter jurisdiction, Plaintiff's claims based on sovereign citizen theories are both meritless and frivolous, and amendment would be futile.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 6) be **GRANTED** to the extent Mr. Cooper asserts the Court lacks subject-matter jurisdiction, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Furthermore, as the Court lacks subject-matter jurisdiction, the Court recommends the Motion for Declaratory Judgment (Dkt. 8), the Motion for Recusal (Dkt. 11), and all other requested relief be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 1st day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE